# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-06115-CJC-KES | Date: August 8, 2019 |

Title: FAUSTINO RUA v. CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** Order Dismissing Complaint with Leave to Amend (Dkt. 1)

Pro se Plaintiff Faustino Rua ("Plaintiff"), an inmate in the custody of California, has filed a civil rights complaint under 28 U.S.C. § 1983 against Defendant California Correctional Health Care Services ("Defendant"), alleging that Defendant failed to adequately treat his macular degeneration and improperly refused his requests to treat with an outside specialist. (Dkt. 1.)

The Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it fails to state a claim against the Defendant. The Complaint is therefore DISMISSED WITHOUT PREJUDICE.

## I.  LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-06115-CJC-KES                 Date: August 8, 2019
                                                     Page 2

on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. DISCUSSION

### A. Plaintiff's Allegations.

Plaintiff alleges that Defendant California Correctional Health Care Services ("CCHCS") is the "medical department" of "CDCR" (the California Department of Corrections and Rehabilitation). (Dkt. 1 at 3.) Plaintiff alleges that Defendant violated his Eighth Amendment rights by "den[ying] [Plaintiff] assistance for his eye problems … many times through several years," i.e., since 2010. (Id. at 5.) Plaintiff requests to treat with an "impartial eye specialist" not employed by CDCR, "the necessary medical attention to regain my [sight]," and "monetary compensation." (Id. at 6.)

Plaintiff attaches a number of exhibits, including grievances and medical records, showing that Plaintiff has been blind in his left eye since 2006 and has recently experienced pain in his right eye. (Id. at 7-32, Dkts. 1-1, 1-2.) Plaintiff filed a healthcare grievance on January 27, 2019, requesting "an expert specialist to evaluate and map out a treatment option that will restore his vision," for which the prison granted intervention. (Dkt. 1 at 8.) A letter from the prison, dated May 20, 2019, indicates that Plaintiff met with the primary care provider (who the Court understands to be his general prison physician) in April, and his "medical condition will continue to be monitored." (Id. at 9.)

From the Complaint, the Court understands that by the time Plaintiff filed this lawsuit in July 2019 he has still not been allowed to see a private eye specialist.

### B. Relevant Law.

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant, regardless of the relief sought. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (§ 1983 not intended to abrogate State's Eleventh Amendment immunity and State of California has not waived sovereign immunity with respect to § 1983 claims).

As an agency of the State, the CDCR is entitled to Eleventh Amendment immunity,

Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009), and so is CCHCS. See, e.g., Gomes v. Mathis, No. CV 17–7022, 2018 WL 2085237, at *3 (C.D. Cal. May 3, 2018).

The Eleventh Amendment does not bar suits seeking damages against state officials/employees in their individual capacity. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Also, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. Pennhurst, 465 U.S. at 102-06.

### C.  Analysis.

Plaintiff names CCHCS as the sole Defendant, but that State agency is entitled to Eleventh Amendment immunity for § 1983 claims. Therefore, the Complaint fails to state a cognizable claim against CCHCS.

Eleventh Amendment immunity does not apply to state officials in their individual capacity and official capacity (when seeking prospective relief). Therefore, it does not preclude Plaintiff from naming as defendants those individuals involved in Plaintiff's allegedly inadequate medical care. For example, Plaintiff's grievance alleges that his primary care physician, Michelle Kerk, prevented Plaintiff from seeing an eye surgeon. (Dkt. 1 at 8.) Plaintiff may amend his Complaint to name Ms. Kerk, and/or any other individual whom he alleges has been deliberately indifferent to his serious medical needs and allege supporting facts.

## III.  CONCLUSION

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before September 6, 2019**, Plaintiff shall (a) file a First Amended Complaint that attempts to remedy the defects described above, or (b) re-file the Complaint.

If Plaintiff chooses to file a First Amended Complaint, then it should bear the docket number assigned to this case (2:19-cv-06115-CJC-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

If Plaintiff chooses to simply re-file the Complaint without making material changes, then, the Magistrate Judge may recommend that the District Judge dismiss the Complaint with prejudice and without leave to amend.

**If Plaintiff fails to timely respond to this order by filing a First Amended Complaint or notice of voluntary dismissal, this action may be dismissed for lack of diligent prosecution.**

  The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints.

Initials of Deputy Clerk <u>JD</u>